UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP PEREZ,<br><br>                   Plaintiff,<br><br>v.<br><br>GENOPTIX, INC.,<br><br>                   Defendant. | Case No.: 18cv2545-LAB-MDD<br><br>**ORDER ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER RE: APEX DEPOSITIONS**<br>**[ECF NO. 36]** |

       This employment-related case was transferred to this Court from the Northern District of Texas on November 6, 2018. (ECF No. 38). This Motion for Protective Order was filed prior to the transfer, on November 2, 2018. (ECF No. 36). On December 19, 2018, the motion was referred to this Court by the district judge. The Court held a status hearing on January 3, 2019, to set a briefing schedule for this motion and to discuss the need for a new scheduling order. (ECF No. 55). Plaintiff responded to the Motion one week early, on January 3, 2019. (ECF No. 57). A scheduling order also was issued on January 3, 2019. (ECF No. 56).

       Defendant's Motion for Protective Order challenges Plaintiff's notice to depose Herbert Hooper and Adele Oliva. Plaintiff has since withdrawn his

request to depose Ms. Oliva. Mr. Hooper is the chairman of the board of directors of Defendant. Defendant seeks to protect Mr. Hooper from having to testify because he is an "apex" employee.

## **THE APEX DOCTRINE**

Under Rule 26(c)(1) of the Federal Rules of Civil Procedure, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding a deposition, or limiting its scope. The party seeking a protective order bears the burden of showing good cause for the order by "demonstrating harm or prejudice that will result from the discovery." *Rivera v. Nibco, Inc.,* 364 F.3d 1057, 1063 (9th Cir. 2004). Virtually every court that has addressed deposition notices directed at an official at the highest level or "apex" of corporate management has observed that such discovery creates a tremendous potential for abuse or harassment. *Celerity Inc., v. Ultra Clean Holding, Inc.,* No. C 05–4374 MMC (JL), 2007 WL 205067 *3 (N.D. Cal. Jan. 25, 2007). This is especially so where the information sought in the deposition can be obtained through less intrusive discovery methods (such as interrogatories) or from depositions of lower-level employees with more direct knowledge of the facts at issue. *Id.*

Courts consistently define apex employees as "high-level corporate executives." *See Apple Inc. v. Samsung Electronics Co., Ltd.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) ("the deposition of a high-level executive (a so-called apex deposition),"); *DR Sys., Inc. v. Eastman Kodak Co.*, No. 08cv669–H-BLM, 2009 WL 2973008 at *2 (S.D. Cal. Sept. 14, 2009) ("an official at the highest level or apex of a corporation"). When a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition. A claimed lack of knowledge, by itself it is insufficient

to preclude a deposition. *Apple*, 282 F.R.D. at 263. Magistrate Judge Grewal aptly noted:

> In order that the "apex" designation as applied to multiple executives does not itself become a tool for evading otherwise relevant and permissible discovery, the court must assess not only the materiality of the proposed deponent's knowledge of pertinent facts and the availability of other means for the party to access that knowledge, but— with apologies—the person's degree of "apex-ness" in relation to these factors. On the proverbial sliding scale, the closer that a proposed witness is to the apex of some particular peak in the corporate mountain range, and the less directly relevant that person is to the evidence proffered in support of his deposition, the more appropriate the protections of the apex doctrine become.

*Id.*

When determining whether to allow an apex deposition, courts often consider: (1) whether or not the high-level deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case; and, (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods, such as interrogatories and depositions of lower level employees. *See Salter v. Upjohn*, 593 F.2d 649, 651 (5th Cir.1979) (granting protective order for executive where plaintiff had sought to depose the president of the company before deposing lower level executives); *Baine v. General Motors Corp.*, 141 F.R.D. 332, 334 (M.D. Ala. 1991) (granting protective order for Vice President of General Motors where plaintiff had failed first to depose lower level employees).

## **DISCUSSION**

Plaintiff concedes the threshold question of whether Mr. Hooper is an apex employee. (ECF No. 57 at 5). Without that concession, the Court is not so sure. Typically, board chairman are not involved in the day-to-day operations of the business such that diverting them to prepare and attend

depositions does not unduly burden the defendant company. As Mr. Hooper stated in his declaration, he only visits Defendant's offices four times per year. (Hooper Declaration ¶ 8, ECF No. 36 at 13). But, having conceded the question of Mr. Hooper's "apex-ness," the Court will proceed to the next step in the analysis.

Mr. Hooper asserts that he has "little to no personal knowledge" regarding matters alleged in the Complaint. (*Id.* ¶ 6). Plaintiff, on the other hand, has produced an electronic mail reflecting Mr. Hooper's knowledge of Mr. Hooper's impending termination and involvement in selecting his successor. (ECF No. 57-1 at 25-26). In order to accommodate Mr. Hooper's busy schedule, Plaintiff has offered to depose Mr. Hooper for no more than one hour and to do so telephonically.

The Court finds that Mr. Hooper may have unique, personal knowledge not adequately addressed by obtaining discovery from others. Defendant's Motion for Protective Order is **DENIED**. The Court will allow for the one hour telephonic deposition suggested by Plaintiff. Counsel for Mr. Hooper should be forewarned that the Court will not look kindly upon dilatory tactics either in scheduling the deposition or during the deposition.

**SO ORDERED:**

Dated: January 11, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge