UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP PEREZ,<br><br>                      Plaintiff,<br><br>v.<br><br>GENOPTIX, INC.,<br><br>                      Defendant. | Case No.: 18cv2545-LAB (MDD)<br><br>**ORDER CONTINUING PRETRIAL CONFERENCE; AND**<br><br>**ORDER GRANTING IN PART MOTION FOR LEAVE TO AMEND ANSWER** |

**Motion to Continue**

Plaintiff's counsel filed a motion requesting either leave to be absent from the final pretrial conference, or a continuance of the pretrial conference. (Docket no. 91.) Except for a concern about scheduling conflicts on certain dates, Defendant did not oppose the request. The Court **GRANTS** the motion, and the final pretrial conference is **CONTINUED** from August 5, 2019 to **December 2, 2019** at 12:15 p.m.

**Motion for Leave to Amend Answer**

Nearly two weeks after discovery closed, Defendant filed a motion for leave to file an amended answer and counterclaims. (Docket no. 68.) Because it was improperly filed without a hearing date, did not comply with Civil Local Rule

15.1(b)'s redline requirement, and included requests directed toward both the District Judge and Magistrate Judge, the Court summarily denied it. (Docket no. 69.) The Court, however, permitted Defendant to refile it as a noticed motion for leave to amend (to be decided by the undersigned District Judge) and a motion to extend the discovery deadline by three months and to take additional discovery (to be decided by the Magistrate Judge).

The counterclaims are based on damages Defendant claims it has suffered and will suffer because Plaintiff worked for a competing company. The motion points out that additional discovery will be needed to support these counterclaims.

Magistrate Judge Mitchell Dembin denied the discovery motion, finding that Defendant had not been diligent. (Docket no. 83.) Defendant has not objected to this finding or Judge Dembin's denial of the motion, thus waiving any objection to the finding or ruling. *See* Fed. R. Civ. P. 72(a). The motion for leave to amend has now been fully briefed and is ready for decision.

**Legal Standards**

Leave to amend is to be given freely when justice so requires, Fed. R. Civ. P. 15, and courts have interpreted this to mean that leave should be granted with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Nevertheless, leave is not automatically granted, and can be denied for reasons including undue prejudice, bad faith, futility, and undue delay. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). The factors are not of equal weight, and that delay by itself does not ordinarily warrant denying leave to amend. *Id.* The policy of liberality in granting leave to amend does not depend on whether the amendment will add causes of action or parties. *Id*.

The party opposing amendment—here, Plaintiff—bears the burden of persuasion that leave should not be granted. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

/ / /

2
18cv2545-LAB (MDD)

**Discussion**

Plaintiff's opposition to the motion for leave to amend focuses mainly on the counterclaims. Even assuming the amendments to the answer would be legally insufficient or inadequately supported by evidence, there is no strong reason to deny Defendant leave to make them. The legal sufficiency of these amendments can be tested by pretrial motions if necessary. *See Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal., 2003) ("Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."). And amendments to the answer would not need to be supported by additional discovery.

The counterclaims present a more difficult question. Undue delay is clearly a factor here. Defendant did not undertake discovery as early or as vigorously as it could have. As a result, it only learned of its new potential counterclaims when it deposed Plaintiff near the end of the discovery period. And even then, it waited until the discovery deadline had passed to seek both additional discovery and leave to amend. Had it been diligent, it could have discovered the factual basis for its counterclaims much earlier.

In *Zivkovic v. S. Calif. Edison Co.*, 302 F.3d 1080 (9th Cir. 2002), the Ninth Circuit reviewed a district court's denial of a plaintiff's leave to add two causes of action. In that case, the plaintiff filed a motion for leave to amend only "several days before the discovery cut-off," and less than three months before the commencement of trial. Id. at 1087. While no trial date has been set in this case, Defendant, for no apparent reason, waited until well *past* the discovery cut-off to seek leave to amend.

Because Defendant is the party seeking to add causes of action, adding them could delay Plaintiffs' claims' being heard. Bearing in mind Defendants' lack of diligence during discovery, this has the potential to unfairly burden Plaintiff. The proposed counterclaims all involve ongoing and even future damages. (*See* Prop'd

Amd. Ans. at 15:24–27, 16:23–26, 17:17–18.) Furthermore, the motion mentions that Defendant would need discovery to support its counterclaim. Bearing in mind that this has been denied, the counterclaims may lack evidentiary support, other than support Defendant already has or could obtain without discovery.

Nevertheless, the potential for undue delay or resulting prejudice is lessened by the fact that no additional discovery is being authorized, the pretrial conference is being continued at Plaintiff's request, and no trial date has yet been set. The remaining factors do not counsel strongly against granting leave to amend.

**Conclusion and Order**

No additional discovery will be authorized, and no extensions other than the continuance of the pretrial conference will be granted. With these limitations in mind, Defendant's motion for leave to amend is **GRANTED.** Defendant shall promptly file an amended answer, which may include any of the counterclaims it has proposed to add. But before filing it, Defendant should review Plaintiff's objections, and should confirm that the counterclaims can withstand motions in limine. Defendant must also confirm that the counterclaims will have evidentiary support at trial. In view of the lateness of the amendment and Defendant's lack of diligence, it should not expect to have any further opportunity to amend.

**IT IS SO ORDERED**.

Dated: July 24, 2019

*Larry A. Burns*
Hon. Larry Alan Burns
Chief United States District Judge